# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 09 C 6749 | DATE | 3/20/2013 |
| CASE TITLE | Manuel Rivera, et al. vs. Town of Cicero, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' Motion for Summary Judgment On All Claims [93] is granted.

■ [ For further details see text below.]

Mail AO 450
Docketing to mail notices.

## STATEMENT

On July 13, 2012, Defendants Town of Cicero and police officers Alfred Auriemma, Nino Scimone, Scott Harris, Andrew Tomko, Joseph Melone, Robert Richert, Anthony Iniquez, and Eddie Lopez (collectively "Defendants") moved for summary judgment on all claims alleged by Plaintiffs Manuel Rivera ("Manuel") and Maria Rivera, on behalf of her minor child Jonathan Rivera (collectively, "Plaintiffs"). At all relevant times Plaintiffs were represented by counsel. The assigned Magistrate Judge set a briefing schedule on the motion, ordering Plaintiffs to file a response by August 17, 2012. No response was filed. On November 15, 2012, Plaintiffs filed a motion for an extension of time in which to file a response. The Court granted the motion and allowed Plaintiffs to file a response on or before November 30, 2012. No response was filed. On January 9, 2013, Plaintiffs filed a second motion for an extension of time in which to respond to Defendants' motion for summary judgment. The Court granted Plaintiffs' second motion for an extension, allowing Plaintiffs to file a response on or before January 18, 2013. No response was filed.

To date, there has been no communication with the Court and no pleadings have been filed on behalf of Plaintiffs. Because Plaintiffs failed to respond to the instant motion, all material facts set forth by Defendants are deemed admitted. N.D. Ill. LR 56.1(b)(3)(C); see also Johnny Blastoff, Inc. v. L.A. Rams Football Co., 188 F.3d 427, 439 (7th Cir. 1999).

On October 24, 2008, Defendant-officers received a radio transmission reporting that there were shots fired at police near the 1900 block of 48th Court in Cicero, Illinois, in a neighborhood populated by the Gangster Disciples street gang. When the officers arrived to the scene, witnesses indicated that the suspect ran into the residence at 1906 S. 48th Court, where Plaintiffs resided. While the officers canvassed the surrounding area, several officers saw Plaintiff Manuel Rivera exiting the subject premises. Officer Harris and Officer Scimone specifically observed Manuel abruptly exit the house, pacing and in an agitated manner. The officers stopped Manuel in the backyard of the premises. Officer Scimone and Officer Auriemma witnessed Manuel's refusal to follow the officers' verbal directives, and further witnesses Manuel swearing and using otherwise abusive language toward the officers. Officer Scimone did not think that Manuel's reaction to the officers' requests was reasonable.

The evidence shows that Manuel was seen abruptly exiting a house where a suspected shooter was seen entering, in a neighborhood populated by gang members. Furthermore, Manuel failed to act as a reasonable person when he was approached by the officers—using profanity and even spitting at an officer. Therefore, Defendant-officers had probable cause to arrest Manuel upon his seizure for obstruction, in

| STATEMENT |
|---|

violation of Illinois criminal law. Under Illinois law, it is a Class A misdemeanor for "[a] person [to] knowingly resist[] or obstruct[] the performance by one known to the person to be a peace officer." 720 Ill. Comp. Stat. 5/31-1; see also Abbott v. Sangamon Cnty., 705 F.3d 706, 720 (7th Cir. 2013) ("Illinois law is clear that a person violates section 5/31-1(a) if he or she resists or obstructs even an unlawful arrest made by a known peace officer." (internal citations omitted)). Here, it is undisputed that Manuel was guilty of a Class A misdemeanor. Therefore, Defendant-officers were justified in taking Manuel into custody, even if he was ultimately charged with another crime later.

Plaintiff Jonathan Rivera ("Jonathan"), who was eight years old at the time of the incident, alleges that he suffered a deprivation of his liberty and extreme emotional distress as a result of having a gun pointed at him without reason, and witnessing the alleged beating of his older brother, Manuel, by Defendant-officers. However, the uncontroverted evidence shows that Jonathan never saw Manuel being arrested or beaten by Defendant-officers. In fact, Jonathan admits that the last time he saw Manuel was earlier in the morning. The evidence further shows that upon hearing a gunshot, Jonathan opened the curtain at the front window of the subject premises–which was closed–and allegedly saw an unidentified officer point a gun towards the movement at the window. Jonathan then closed the curtain and exited the subject premises out the front door, where he was greeted by a female police officer who directed him to stand in the bushes with his sister for a short period of time until the search concluded. Plaintiffs fail to present any evidence that Defendants violated Jonathan's constitutional rights or caused him any harm.

Based on the undisputed factual record, the Court finds that Defendants are entitled to judgment as a matter of law on all claims. Accordingly, Defendants' motion for summary judgment is granted.

IT IS SO ORDERED.

2013 MAR 21 AM 10:53
CLERK
U.S. DISTRICT COURT