# United States District Court, Northern District of Illinois

MA

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6749 | **DATE** | 5/20/2013 |
| **CASE TITLE** | Manuel Rivera, et al. vs. Town of Cicero, et al. | | |

## DOCKET ENTRY TEXT

Plaintiffs' Motion to Vacate [112] is denied.



■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On July 13, 2012, Defendants Town of Cicero and police officers Alfred Auriemma, Nino Scimone, Scott Harris, Andrew Tomko, Joseph Melone, Robert Richert, Anthony Iniquez, and Eddie Lopez (collectively "Defendants") moved for summary judgment on all claims alleged by Plaintiffs Manuel Rivera and Maria Rivera, on behalf of her minor child Jonathan Rivera (collectively, "Plaintiffs"). At all relevant times Plaintiffs were represented by counsel. The assigned Magistrate Judge set a briefing schedule on the motion, ordering Plaintiffs to file a response by August 17, 2012. No response was filed. Approximately three months later on November 15, 2012, Plaintiffs' counsel filed a motion for an extension of time in which to file a response. The Court granted the motion and allowed Plaintiffs to file a response on or before November 30, 2012. No response was filed. Over a month later on January 9, 2013, Plaintiffs' counsel filed a second motion for an extension of time "due to matters of health." Pls.' Second Mot. for an Extension of Time to File a Resp. to Defs.' Mot. for Summ. J. ¶ 3. The Court granted Plaintiffs' second motion for an extension, allowing Plaintiffs to file a response on or before January 18, 2013. No response was filed. Consequently, Defendants' statement of material facts was deemed admitted. After finding that Defendants were entitled to judgment as a matter of law, the Court granted summary judgment in favor of Defendants on March 20, 2013. Before the Court is Plaintiffs' Motion to Vacate the Court's entry of summary judgment in favor of Defendants pursuant to Federal Rule of Civil Procedure 59(e). For the following reasons, the motion is denied.

"[A] motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." Broaddus v. Shields, 665 F.3d 846, 860 (7th Cir. 2011). Rule 59(e) "requires that the movant clearly establish one of the aforementioned grounds for relief." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (internal quotation marks and citations omitted). Whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

Plaintiffs' counsel fails to raise any of the aforementioned grounds to justify relief under Rule 59(e). Rather, he asks the Court to vacate the judgment because he was unable to respond to Defendants' motion for summary judgment—despite numerous extensions—for health reasons. To the extent that the instant motion could be construed pursuant to Rule 60(b), it likewise fails. Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Rule 60(b) is 'an extraordinary remedy and is granted only in exceptional circumstances.'" Eskridge v. Cook Cnty., 577 F.3d 806, 809 (7th Cir. 2009) (quoting McCormick v. City of Chi., 230 F.3d 319, 327 (7th Cir. 2000)).

# STATEMENT

Plaintiffs' counsel's neglect of this matter is not excusable, nor do counsel's health problems constitute an extraordinary circumstance. See Land v. IBM, Inc., 485 F. App'x 830, 833 (7th Cir. 2012) ("[A]s for [counsel's] contention that his paralegal's illness made his workload unbearable and this should have excused his inability to comply with court deadlines, we have rejected similar claims from overworked attorneys struggling to manage their caseloads."). While the Court is sensitive to counsel's health problems, he repeatedly ignored filing deadlines to the detriment of his clients. Plaintiffs' counsel requested, and was granted, two extensions of time in which to file a response for various reasons, including his health. Significantly, however, counsel never represented that he was unable to file a response. See Zachary v. Aramark Correctional Servs., LLC, 464 F. App'x 547, 548 (7th Cir. 2012) ("To the extent that [plaintiff's] brief can be construed to argue under Rule 60(b) that her nonfeasance was 'excusable neglect' based on medical circumstances beyond her control, the district court did not abuse its discretion in determining that she had not presented evidence of exceptional circumstances to justify relief."). It is well established that "[a]lthough attorney carelessness can constitute 'excusable neglect' under Rule 60(b)(1), attorney in-attentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." Easley v. Kirmsee, 382 F.3d 693, 698 (7th Cir. 2004). Finally, the Court notes that despite Plaintiffs' counsel's renewed attention to this case, he once again failed to comply with the Court-ordered briefing schedule when he neglected to file a timely reply brief to the instant motion.

For the foregoing reasons, Plaintiffs' motion to reconsider is denied.

IT IS SO ORDERED.